IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KITISARK SOTIPALALIT, et al.    :

                                :

    v.                          :   Civil Action No. DKC 12-0481

                                :

JPMorgan Chase Bank, N.A.,
et al.                          :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case involving alleged violations of the Truth in Lending Act ("TILA") is a motion to dismiss filed by Defendant JPMorgan Chase Bank, N.A. ("Chase").  (ECF No. 11).  The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, the motion will be granted.

**I.   Background**

On January 13, 2012, Plaintiffs Kitisark and Witita Sotipalalit, proceeding *pro se*, commenced this action by filing a "complaint and demand for rescission" against Defendants Chase, Jamie Dimon, and Bill Beckmann in the Circuit Court for Montgomery County, Maryland.  (ECF No. 2).[1]  While the complaint

---

[1] According to the complaint, Mr. Dimon is "CEO of Chase Bank, N.A.," and Mr. Beckmann is "President and CEO of Mortgage Electronic Registration Systems, Inc."  The record does not reflect that service has been effected upon either of these

is lacking in detail, it appears to relate to a mortgage on Plaintiffs' property located at 19016 Canadian Court in Montgomery Village, Maryland.  Plaintiffs allege violations of TILA and its implementing regulations and purport to "rescind the above referenced loan and make demand for restitution, reformation, disgorgement, credits, setoffs, damages and other equitable relief against the original lender referenced and any lender assignees[.]"  (ECF No. 2, at 2).

Chase timely removed to this court, attaching to its notice of removal, *inter alia*, "[a] copy of the deed of trust that is believed to be the subject of the [c]omplaint[.]"  (ECF No. 1 ¶ 8).  The attached deed of trust, dated June 23, 2005, secures a refinancing loan to Plaintiffs from GreenPoint Mortgage Funding, Inc., in the amount of $232,000.00, related to the same property referenced in the complaint.  (ECF No. 1-2).[2]  On February 21, 2012, Chase filed the pending motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).  (ECF No. 11).  Plaintiffs were advised by the clerk that a potentially dispositive motion had been

_____

defendants.  Indeed, Chase suggests in its motion to dismiss that neither has been served.  (ECF No. 11, 1 n. 1).

[2] Despite the fact that the deed of trust was not attached to the complaint, the court may consider documents referred to and relied upon in the complaint in the context of a motion to dismiss – "even if the documents are not attached as exhibits." *Fare Deals Ltd. v. World Choice Travel.com, Inc.*, 180 F.Supp.2d 678, 683 (D.Md. 2001); *accord New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 18 F.3d 1161, 1164 (4th Cir. 1994).

filed and that their failure to respond within seventeen days could result in "dismiss[al] [of] the case . . . without further notice." (ECF No. 12). They nevertheless failed to respond.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

At this stage, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Complaints filed by *pro se* litigants are "to

be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). The court need not, however, accept unsupported legal allegations. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Nor must it agree with legal conclusions couched as factual allegations, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Here, Defendant seeks dismissal on limitations grounds, an affirmative defense that a party typically must raise in a pleading under Fed.R.Civ.P. 8(c). An affirmative defense is not usually an appropriate basis for dismissal. *See Eniola v.*

4

*Leasecomm Corp.*, 214 F.Supp .2d 520, 525 (D.Md. 2002); *Gray v. Metts*, 203 F.Supp.2d 426, 428 (D.Md. 2002). Nevertheless, dismissal is proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996); *see also Rice v. PNC Bank, N.A.*, No. PJM 10-07, 2010 WL 1711496, at *3 (D.Md. Apr. 26, 2010) (granting a motion to dismiss TILA claim as untimely).

## III. Analysis

Plaintiffs allege violations, and purport to assert various rights, under TILA, 15 U.S.C. § 1601 *et seq.*, and Federal Reserve Board Regulation Z ("Regulation Z"), 12 C.F.R. § 226.1 *et seq.* The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms . . . and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). To that end, TILA requires specific disclosures by lenders when extending credit to consumers. In their complaint, Plaintiffs allege that an unspecified "[p]redatory [l]ender" violated TILA and Regulation Z by failing: "to provide . . . [a]n explanation of negative amortization"; "to deliver a proper 3-day notice of right to rescind"; "to make clear, conspicuous, and accurate material disclosures trigger[ing] an extended right of

rescission"; and "violat[ing] statutory TILA Finance Charge 'tolerances.'" (ECF No. 2 ¶¶ 1-4). Chase contends that these claims must be dismissed as time-barred.

Pursuant to 15 U.S.C. § 1640(e), an action for monetary damages under TILA "may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." The limitations period typically runs "from the date of the complained violation," and "[i]f the [alleged] violation is one of disclosure in a closed-end credit transaction, 'the date of the occurrence of the violation is no later than the date the plaintiff enters the loan agreement.'" *Tucker v. Beneficial Mortgage Co.*, 437 F.Supp.2d 584, 589 (E.D.Va. 2006) (quoting *Smith v. Am. Fin. Sys.*, 737 F.2d 1549, 1552 (11th Cir. 1984)). According to the deed of trust attached to Plaintiffs' complaint, Plaintiffs entered into the loan agreement at issue in this case on June 23, 2005, and they did not commence this action until January 13, 2012. Accordingly, to the extent they seek damages resulting from Chase's alleged failure to make certain disclosures, their claim is time-barred.

Plaintiffs also purport to exercise a "[r]ight of [r]escission" with respect to this loan. (ECF No. 2, at 2). While it is true that TILA establishes a borrower's right of rescission as to certain transactions, that right is subject to

limitations.   Generally, a borrower may rescind anytime within three days of the loan closing.   *See* 15 U.S.C. § 1635(a).   A borrower may also rescind if the lender fails to provide him or her with certain required disclosures.   If that happens, the borrower may rescind the transaction anytime within three days of the date the disclosures are finally made.   *Id*.   If the required disclosures are never made, or if they are deficient in some respect, the right of rescission "expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first," absent certain exceptions not applicable here.   15 U.S.C. § 1635(f); *see also* 12 C.F.R. § 226.23(a)(3).   Thus, in the case of a refinancing loan, such as that at issue here, any claim for rescission must be filed within three years of the date the loan agreement is entered.   That limitations period, moreover, is not subject to equitable tolling.   *See Jones v. Saxon Mortgage, Inc.*, 537 F.3d 320, 327 (4th Cir. 1998) ("Because § 1635(f) is a statute of repose, the time period stated therein is typically not tolled for any reason."); *Arnold v. Waterfield Mort'g Co.*, 966 F.Supp. 387, 388 (D.Md. 1996) ("whether or not [borrower] received the requisite disclosures, he is barred from pursuing [] a claim for rescission . . . [by] the absolute limitation period of § 1635(f)").

It is unclear from Plaintiffs' complaint whether their right of rescission expired within three days or three years of consummation of the underlying loan.  It is clear, however, that they failed to exercise that right within three years.  Thus, Plaintiffs' attempted rescission is invalid and any obligations Chase may have had upon receipt of a valid request were never triggered.

**IV.  Conclusion**

For the foregoing reasons, Chase's motion to dismiss will be granted.  A separate order will follow.

```
_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
```